UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Barbara Whaley,<br><br>   Plaintiff,<br><br>v.<br><br>ProCollect, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TEXAS DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Barbara Whaley ("Barbara"), is a natural person who resided in Glenn Heights, Texas, at all times relevant to this action.

2. Defendant, ProCollect, Inc. ("ProCollect"), is a Texas corporation that maintained its principal place of business in Dallas, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the Plaintiff's claims under the Texas Debt Collection Practices Act ("TDCPA"), Tex. Bus. & Com. Code §§ 392, *et seq.*, because those claims share a common nucleus of operative facts with each Plaintiff's claim under the FDCPA. S*ee Garcia v. Jenkins/Babb LLP*, 2013

U.S. Dist. LEXIS 172457 (N.D. Tex. Oct. 29, 2013) (in FDCPA case, court has supplemental jurisdiction over TDCPA and DTPA claims).

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Before ProCollect began contacting Barbara, it and Barbara had no prior business relationship and Barbara had never provided express consent to ProCollect to be contacted on her cellular telephone.

7. ProCollect regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of ProCollect's revenue is debt collection.

9. ProCollect is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. ProCollect is a "debt collector" as that term is defined in the TDCPA, Tex. Bus. & Com. Code § 392.001(6).

11. As described, *infra*, ProCollect contacted Barbara to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Barbara is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Barbara is a "consumer" as defined by Tex. Bus. & Com. Code § 392.001(1)

15. In or around February 2015, ProCollect began calling Barbara on her cellular phone in an attempt to collect a debt allegedly owed by Barbara's son, Cortney Fields ("Cortney").

16. Shortly after the calls began, Barbara advised ProCollect that Cortney did not live with her and could not be reached at Barbara's number.

17. In addition, Barbara communicated her desire that ProCollect cease calling her.

18. In response, ProCollect told Barbara it would update its records so that Barbara would not receive further calls.

19. Notwithstanding this communication, ProCollect continued to call Barbara on her cellular telephone in connection with a debt allegedly owed by Cortney within the past twelve (12) months.

20. ProCollect's statement that it would update its records so that Barbara would not receive further calls was a misrepresentation as evidenced by the fact the ProCollect continued to call Barbara on her cellular phone multiple times.

21. ProCollect's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Barbara.

22. ProCollect unreasonably relied upon inaccurate information provided to ProCollect by one (1) or more original creditors for whom ProCollect was attempting to collect a debt when ProCollect called Barbara's cellular telephone.

23. ProCollect's policies and procedures violate the FDCPA.

24. ProCollect caused Barbara emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

30. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Texas Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

32. Defendant willingly and knowingly violated Tex. Bus. & Com. Code § 392.302(4) by communicating with Ms. Whaley with such frequency as can reasonably be expected to harass Ms. Whaley, or engaging in other conduct which can reasonably be expected to abuse or harass Ms. Whaley.

## COUNT FIVE

### Violation of the Telephone Consumer Protection Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 15 through 24 above as if fully set forth herein.

34. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

35. The TCPA provides, in part:

> (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

36. Defendant used a predictive dialer system to call Plaintiff on her cellular phone.

37. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity

to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

38. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

39. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

40. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

41. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

42. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

43. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

44. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

45. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

46. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

47. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

48. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

49. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

50. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

51. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

53. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

Date: February 12, 2016                By:    /s/ David M. Menditto
                                       One of Plaintiff's Attorneys

David M. Menditto, Esq.
Illinois Bar No. 6216541
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: davidm@fairdebt411.com